THE ATTORNEY GENERAL
OF TEXAS


CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 6, 1972

Honorable James U. Cross
Executive Director
Texas Parks & Wildlife Department
John H. Reagan Building
Austin, Texas   78701

Dear Mr. Cross:

Opinion No. M-1146

Re:   Whether a Commissioner on
      the Texas Parks and Wild-
      life Board may simultane-
      ously serve on the board
      of an independent school
      district.

        Your request for an opinion on the above subject matter
reads in part as follows:

        "One of our Commissioners was on the Board of
        an Independent School District prior to his ap-
        pointment as a Parks and Wildlife Commissioner.
        He is still serving on such School Board in the
        same term in which he was serving when appointed
        to the Parks and Wildlife Commission.

        "He has received no pay, expenses, per diem,
        or compensation of any kind from either of said
        positions, and this matter is not in litigation.

        "Is this Commissioner legally serving on the
        Parks and Wildlife Commission?  If not, why not?
        If he can serve, are there any special conditions
        attached to such service?"

        Section 40 of Article XVI, Constitution of Texas, pro-
hibits the holding of more than one civil office of emolument.

        Prior to the 1967 amendment, Section 33 of Article XVI
of the Constitution of Texas provided in part:

        "The Accounting Officers of this State shall
        neither draw nor pay a warrant upon the Treasury
        in favor of any person, for salary or compensation
        as agent, officer or appointee, who holds at the
        same time any other office or position of honor,
        trust or profit, under this State, or the United
        States, except as prescribed in this Constitution.
        . . ."

-5581-

The 1967 amendment to Section 33 of Article XVI added the following provision:

"It is further provided, until September 1, 1969, and thereafter only if authorized by the Legislature by general law under such restrictions and limitations as the Legislature may prescribe, that a non-elective State officer or employee may hold other non-elective offices or positions of honor, trust, or profit under this State or the United States, if the other offices or positions are of benefit to the State of Texas or are required by State or federal law, and there is no conflict with the original office or position for which he receives salary or compensation. No member of the Legislature of this State may hold any other office or position of profit under this state, or the United States."

Pursuant to the 1967 amendment, Article 6252-9a, Vernon's Civil Statutes, was enacted stating the conditions under which a nonelective State officer may hold other nonelective offices.

In Attorney General's Opinion M-409 (1969) it was pointed out:

"In determining what constitutes an office, within the meaning of a constitutional provision, this office has frequently applied the criteria set forth in Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A.L.R. 583 (1927), to wit:

"'After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the Legislature or created by a municipality or other body through authority conferred by the Legislature; (2) It must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) The powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the Legislature or through legislative authority; (4) The duties must be performed independently and without control of a superior power, other than the law, unless they be

those of an inferior or subordinate office, created
or authorized by the Legislature, and by it placed
under the general control of a superior officer
or body; (5) It must have some permanency and con-
tinuity, and not be only temporary or occasional.'"

Under the foregoing test membership on the Parks and
Wildlife Commission constitutes a nonelective office. Article
6067, Vernon's Civil Statutes. On the other hand, the office of
trustee of an independent school district is an elective office.
Section 23.08, Texas Education Code. The office of trustee of an
independent school district, however, is not an "office of emolu-
ment" within the meaning of Section 40 of Article XVI of the
Constitution of Texas. Thomas v. Abernathy County Line In-
dependent School Dist., 278 S.W. 312 (Tex.Civ.App. 1925, rev.
on other grounds, 290 S.W. 152). It is noted that on appeal
the Commission of Appeals of Texas held the offices of school
trustee and alderman incompatible and stated that ". . . whether
the office of school trustee . . . is an office of 'emolument'
within the terms of section 40, art. 16, of the Constitution,
is immaterial, and in respect to that question we do not ex-
press or imply a conclusion." (At p. 153).

In view of the foregoing, a Commissioner on the Parks
and Wildlife Commission may at the same time hold the office of
trustee of an independent school district. However, the Comp-
troller of Public Accounts may not issue him a warrant in pay-
ment of the compensation provided for in Item 1 of the appro-
priation to the Parks and Wildlife Department contained in the
current General Appropriations Act (p. III-105, 3604), since the
1967 amendment of Section 33 of Article XVI does not exempt from
its provisions an elective office. Boyett v. Calvert, 467 S.W.2d
205 (Tex.Civ.App. 1971, error ref. n.r.e.); Attorney General's
Opinion No. M-193 (1968).

## S U M M A R Y

An individual may hold at the same time the
nonelective office of Commissioner on the Parks
and Wildlife Commission and the elective office
of trustee of an independent school district since
the office of trustee is not an office of emolument
within the meaning of Section 40 of Article XVI,
Texas Constitution. Section 33, Article XVI, of
the Constitution of Texas, however, prohibits the
Comptroller of Public Accounts from issuing to the

Commissioner any warrant in payment of the compensation provided in Item 1 of the appropriation to the Parks and Wildlife Department.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Roger Tyler
Marietta Payne
Scott Garrison
James Quick

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant